GREG A. KLAWITTER (SBN 222746)
greg.klawitter@ceartaslegal.com
TIMOTHY M. KEEGAN (SBN 251085)
tim.keegan@ceartaslegal.com
**CEARTAS LEGAL LLP**
185 West F Street, Suite 430
San Diego, CA 92101
(619) 819-5120

Attorneys for Plaintiff
DANIEL HECKO

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL HECKO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>RUTH'S HOSPITALITY GROUP, INC., a Foreign Profit Corporation; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.: **'18CV1951 BEN MDD**<br><br>COMPLAINT FOR:<br><br>1. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;<br><br>2. DISABILITY DISCRIMINATION [GOV. CODE § 12940(a)];<br><br>3. FAILURE TO PROVIDE REASONABLE ACCOMMODATION [GOV. CODE § 12940(m)];<br><br>4. FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS [GOV. CODE § 12940(n)];<br><br>5. RETALIATION IN VIOLATION OF THE FEHA [GOV. CODE § 12940(m)(2)];<br><br>6. RETALIATION IN VIOLATION OF THE CFRA [GOV. CODE § 12945, *ET SEQ*.];<br><br>7. FAILURE TO PREVENT DISCRIMINATION/RETALIATION [GOV. CODE § 12940(k)];<br><br>8. RETALIATION IN VIOLATION OF THE FMLA [29 U.S.C § 2601, *ET SEQ*.]<br><br>DEMAND FOR JURY TRIAL |

COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff DANIEL HECKO (hereinafter "Plaintiff"), who alleges against defendants, and each of them, as follows:

## GENERAL ALLEGATIONS

1. Plaintiff is, and at all times herein mentioned was, an individual residing in the County of San Diego in the State of California.

2. Defendant RUTH'S HOSPITALITY GROUP, INC. ("RUTH'S CHRIS") is and at all times relevant hereto was a corporate entity duly licensed to do business, and doing business, within the State of California, and at all times hereinafter mentioned, is an employer whose employees are engaged throughout this county and the State of California.

3. Plaintiff is further informed and believes and thereon alleges that RUTH'S and the DOE defendants are an "integrated enterprise" and share an interrelation of operations, common management, centralized control of labor relations, and common ownership or financial control.  As such, they are a single employer, joint employer and/or integrated enterprise.  These defendants and DOES 1 through 10, inclusive (are, and at all times herein mentioned were, joint employers and/or an integrated enterprise employing Plaintiff and all of Plaintiff's supervisors and managers, and all individuals named in the complaint.  These defendants are referred to herein as RUTH'S.

4. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these defendants by such fictitious names, Plaintiff will amend this complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible as hereinafter shown for the occurrences and injuries to Plaintiff as herein alleged.

5. Plaintiff is informed, believes, and alleges that, at all times herein mentioned, defendants, and each of them, were the agents of each of the other

defendants, and in doing the things hereinafter alleged, were acting within the course and scope of such agency and with the permission and consent of their co-defendants.

### VENUE AND JURISDICTION

6. Jurisdiction in this Court is proper under 28 U.S.C. section 1332(a) in that Plaintiff is a resident of the State of California, and defendants are out of state residents, and the amount in controversy exceeds $75,000. Jurisdiction in this Court is also proper under 28 U.S.C. section 1331 in that Plaintiff's complaint involves a question arising under the federal Family & Medical Leave Act, 29 U.S.C. section 2601, *et seq.*

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. On or about August 1, 2018, Plaintiff filed a charge with the California Department of Fair Employment and Housing (hereinafter "DFEH") and received a "Right-to-Sue" letter from the DFEH.

### FACTUAL ALLEGATIONS COMMON TO ALL LEGAL CLAIMS

8. Plaintiff began working for defendants in or around January of 2000 at defendants' location in downtown San Diego, California. In approximately 2001 Plaintiff was promoted to General Manager at one of defendants' locations in Los Angeles. Plaintiff later took a position as Assistant General Manager in order to move back to San Diego, California. During the relevant events in matter, Plaintiff was working at defendants' location in Del Mar, California.

9. During the approximate seventeen (17) years of Plaintiff's employment with defendants, Plaintiff performed his job capably and competently, and was regularly praised for his work performance.

10. During the final and penultimate year of his employment with defendants, Plaintiff worked in excess of 1,250 hours. In addition, defendants employed in excess of 50 employees at the location at which Plaintiff was employed.

11.     In or around June and July of 2017, during which time Plaintiff had been working between 60-65 hours per week, Plaintiff began to suffer from major depression.

12.     On or around July 25, 2017, Plaintiff went on a medical leave of absence due to his depression.  Plaintiff initially provided defendants, including his supervisor, defendants' Regional Vice President, defendants' Human Resources Department, and defendants' third-party benefits administrator, with a note from his treating doctor, which placed Plaintiff out of work due to his medical condition up to and including September 1, 2017.

13.     On August 25, 2017, Plaintiff provided a second note from his treating doctor which placed Plaintiff out of work due to his medical condition up to November 1, 2017.  Plaintiff provided a copy of the note from his treating doctor to defendants' human resources via email on August 25, 2017.  Plaintiff also provided a copy of the note from his treating doctor to defendants' General Manager at the location Plaintiff worked, Christina West, and defendants Regional Vice President, Nikhil Talwar, via email, on August 25, 2017.

14.     On September 13, 2017, Regional Vice President Nikhil Talwar responded to Plaintiff, acknowledging receipt of Plaintiff's doctor's note extending his leave of absence up to November 1, 2017.  Mr. Talwar further directed Plaintiff to communicate the extension of his leave of absence to defendants' third-party benefits administrator, Liberty Mutual, which Plaintiff did.  Thereafter, Plaintiff continued to remain out of work due to his disability.  At no time did Mr. Talwar, Ms. West, or anyone from defendants' human resources department, inform Plaintiff that his leave of absence up to November 1, 2017 was not approved, or that his employment would be terminated if he did not return to work prior to November 1, 2017.

15.     On or about October 6, 2017, Plaintiff spoke to a representative from Liberty Mutual and discussed the fact that his doctor had placed him out of work up to November 1, 2017.  At no time during the approximate 30 minute phone call, did

the representative from Liberty Mutual inform Plaintiff that the defendants would terminate his employment if he did not return to work prior to November 1, 2017. Nor did the representative from Liberty Mutual ever inform Plaintiff that his request for an extension of his medical leave up to November 1, 2017 was not granted.

16. On October 23, 2017, Plaintiff received a certified letter from defendants informing him that his seventeen-year employment was terminated because of "job abandonment" due to his failure to return to work upon the expiration of his FMLA leave.

17. At no time after Plaintiff communicated to defendants' human resources, Ms. West and Mr. Talwar, in August and September of 2017, did anyone from defendants attempt to engage in any dialogue with Plaintiff regarding leave of absence and when he would be able to return to work.

## FIRST CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

(Against All Defendants)

18. Plaintiff re-alleges and incorporates herein by reference each and every allegation in the preceding paragraphs.

19. The above-described conduct by the defendants, and each of them, was against the public policy of the State of California as evidenced by the enactment of the Fair Employment and Housing Act ("FEHA") (Government Code section 12900, *et seq*.) and the California Family Rights Act ("CFRA"), and the public policy enshrined in the federal Family & Medical Leave Act.

20. By terminating Plaintiff's employment and retaliating against Plaintiff because he exercised his rights under the CFRA, the FEHA, and the FMLA, the defendants, and each of them, terminated Plaintiff in violation of public policy.

21. As a direct and proximate result of the acts of the defendants, and each of them, as alleged above, Plaintiff has incurred compensatory damages, including lost earnings and other economic damages.

22. As a direct and proximate result of the acts of the defendants, and each of them, as alleged above, Plaintiff has suffered emotional distress and has been generally damaged in an amount to be ascertained at the time of trial.

23. As a direct and proximate result of the acts of the defendants, and each of them, as alleged above, Plaintiff is entitled to recover attorneys' fees in this action pursuant to California Code of Civil Procedure section 1021.5.

24. The above-described acts of the defendants, and each of them, were willful, intentional and malicious and done with the intent to vex, injure and annoy Plaintiff and warrant the imposition of exemplary and punitive damages in an amount sufficient to punish said defendants and to deter others from engaging in similar conduct. The above-described acts of the defendants, and each of them, were authorized, ratified, or committed by an officer, director and/or managing agent.

## SECOND CAUSE OF ACTION

## DISCRIMINATION IN VIOLATION OF GOV. CODE SEC. 12940(a)

(Against All Defendants)

25. Plaintiff re-alleges and incorporates herein by reference each and every allegation in the preceding paragraphs.

26. Defendants are employers as defined by Government Code section 12940, *et seq*.

27. At all relevant times herein, Plaintiff was employed by defendants and was an individual with a disability as defined by the California Fair Employment and Housing Act (hereinafter "FEHA").

28. At all relevant times herein, Plaintiff was perceived and/or regarded by the employer defendants, and each of them, as having a disability as defined by FEHA.

29. At all times referenced herein, Plaintiff was able to perform the essential functions of his job with or without reasonable accommodations.

30. As a result of his disability, Plaintiff was in need of a reasonable accommodation, including without limitation, reasonable and finite time off work to recuperate and heal from the symptoms associated with his disability.

31. The FEHA makes it an unlawful employment practice to discharge an employee from employment because of the employee's disability or to discriminate against the person in compensation or in the terms, conditions or privileges of employment.

32. In addition, on information and belief, the defendants employ corporate practices and policies that discriminate against individuals with disabilities, and against individuals who take medical leave due to disabilities and who are in need of reasonable accommodations.

33. In violation of the FEHA, the defendants terminated Plaintiff because of his disability.

34. As a direct and proximate result of the acts of the defendants, and each of them, as alleged above, Plaintiff has incurred compensatory damages, including lost earnings and other economic damages.

35. As a direct and proximate result of the acts of the defendants, and each of them, as alleged above, Plaintiff has suffered emotional distress and has been generally damaged in an amount to be ascertained at the time of trial.

36. As a direct and proximate result of the acts of the defendants, as alleged above, Plaintiff has necessarily incurred and will continue to incur attorneys' fees and costs in an amount to be proven at the time of trial. Pursuant to the provisions of California Government Code section 12965(b), Plaintiff is entitled to the reasonable value of such attorneys' fees and costs.

37. The above-described acts of the defendants, and each of them, were willful, intentional and malicious and done with the intent to vex, injure and annoy Plaintiff and warrant the imposition of exemplary and punitive damages in an amount sufficient to punish said defendants and to deter others from engaging in similar

conduct. The above-described acts of the defendants, and each of them, were authorized, ratified, or committed by an officer, director and/or managing agent.

### THIRD CAUSE OF ACTION
### VIOLATION OF GOV. CODE SEC. 12940(m)
(Against All Defendants)

38. Plaintiff re-alleges and incorporates herein by reference each and every allegation in the preceding paragraphs.

39. The defendants, and each of them, are employers within the meaning of and subject to California Government Code section 12940, *et seq*. and employed Plaintiff.

40. At all relevant times herein, Plaintiff was an individual with a disability as defined by the FEHA.

41. At all relevant times herein, Plaintiff was perceived and/or regarded by the defendants, and each of them, as having a disability as defined by the FEHA.

42. The FEHA requires an employer to make reasonable accommodations for the disability of employees to enable them to perform a position's essential functions, unless doing so would produce undue hardship to the employer's operations.

43. As a result of his disability, Plaintiff was in need of a reasonable accommodation. The accommodation Plaintiff needed would not have caused undue hardship on the defendants' operations.

44. The defendants, and each of them, failed and refused to grant reasonable accommodations, as required by law, to Plaintiff, and instead terminated his employment.

45. From the date Plaintiff was hired through the date of termination, he was able to perform the essential functions of his job with or without a reasonable accommodation, and he performed competently and capably.

46. As a direct and proximate result of the acts of the defendants, and each of them, as alleged above, Plaintiff has incurred compensatory damages, including lost earnings and other economic damages.

47. As a direct and proximate result of the acts of the defendants, and each of them, as alleged above, Plaintiff has suffered emotional distress and has been generally damaged in an amount to be ascertained at the time of trial.

48. As a direct and proximate result of the acts of the defendants, as alleged above, Plaintiff has necessarily incurred and will continue to incur attorneys' fees and costs in an amount to be proven at the time of trial. Pursuant to the provisions of California Government Code section 12965 (b), Plaintiff is entitled to the reasonable value of such attorneys' fees and costs.

49. The above-described acts of the defendants, and each of them, were willful, intentional and malicious and done with the intent to vex, injure and annoy Plaintiff and warrant the imposition of exemplary and punitive damages in an amount sufficient to punish said defendants and to deter others from engaging in similar conduct. The above-described acts of the defendants, and each of them, were authorized, ratified, or committed by an officer, director and/or managing agent.

## FOURTH CAUSE OF ACTION
## VIOLATION OF GOV. CODE SEC. 12940(n)
(Against All Defendants)

50. Plaintiff re-alleges and incorporates herein by reference each and every allegation in the preceding paragraphs.

51. The defendants, and each of them, are employers within the meaning of and subject to California Gov. Code section 12940, *et seq.*, and employed Plaintiff.

52. At all relevant times, Plaintiff was an individual with a disability as defined by Government Code section 12940, *et seq.*

53. At all relevant times herein the employer defendants perceived and/or regarded Plaintiff as an individual with a disability.

- 8 -
COMPLAINT FOR DAMAGES

54. Pursuant to Government Code section 12940(n), an employer must engage in a "timely, good faith interactive process" in response to a request for a reasonable accommodation by an employee with a known disability or known medical condition.

55. California Government Code section 12940(n), requires employers to engage in a timely, good faith, interactive process with an employee to determine effective reasonable accommodations if an employee with a known disability so requests. The interactive process is the key mechanism for facilitating the integration of disabled employees in the workplace and liability may be imposed on the employer for failing to engage in this process.

56. Plaintiff gave notice to the employer defendants that he had a disability and required reasonable accommodations, including without limitation, a finite extension of a medical leave of absence to recuperate from symptoms associated with his disability.

57. Despite having notice of Plaintiff's disability and need for accommodation, the defendants, and each of them, by and through their agents and employees, engaged in an unlawful employment practice when they failed and refused to engage in a good faith interactive process, in violation of the FEHA.

58. Rather than engage in a good faith interactive process to ascertain reasonable accommodations to enable Plaintiff to return to work, the defendants terminated his employment.

59. As a direct and proximate result of the acts of the defendants, and each of them, as alleged above, Plaintiff has incurred compensatory damages, including lost earnings and other economic damages.

60. As a direct and proximate result of the acts of the defendants, and each of them, as alleged above, Plaintiff has suffered emotional distress and has been generally damaged in an amount to be ascertained at the time of trial.

61. As a direct and proximate result of the acts of the defendants, as alleged above, Plaintiff has necessarily incurred and will continue to incur attorneys' fees and costs in an amount to be proven at the time of trial. Pursuant to the provisions of California Government Code section 12965(b), Plaintiff is entitled to the reasonable value of such attorneys' fees and costs.

62. The above-described acts of the defendants, and each of them, were willful, intentional and malicious and done with the intent to vex, injure and annoy Plaintiff and warrant the imposition of exemplary and punitive damages in an amount sufficient to punish said defendants and to deter others from engaging in similar conduct. The above-described acts of the defendants, and each of them, were authorized, ratified, or committed by an officer, director and/or managing agent.

## FIFTH CAUSE OF ACTION

## RETALIATION IN VIOLATION OF GOV. CODE SEC. 12940(m)(2)

(Against All Defendants)

63. Plaintiff re-alleges and incorporates herein by reference each and every allegation in the preceding paragraphs.

64. Under California Government Code section 12940(m)(1), it is an unlawful employment practice for an employer to retaliate against a person for requesting a reasonable accommodation due to a disability.

65. Plaintiff requested reasonable accommodations, including without limitation, to take a medical leave of absence due to Plaintiff's disability and for a reasonable finite extension of a medical leave of absence to recuperate from symptoms associated with Plaintiff's disability. Defendants knew of Plaintiff's requests for reasonable accommodations.

66. Because Plaintiff engaged in the legally protected activity of requesting reasonable accommodations, Plaintiff suffered adverse employment actions, including without limitation, termination.

67. As a direct and proximate result of the acts of the defendants, and each of them, as alleged above, Plaintiff has incurred compensatory damages, including lost earnings and other economic damages.

68. As a direct and proximate result of the acts of the defendants, and each of them, as alleged above, Plaintiff has suffered emotional distress and has been generally damaged in an amount to be ascertained at the time of trial.

69. As a direct and proximate result of the acts of the defendants, as alleged above, Plaintiff has necessarily incurred and will continue to incur attorneys' fees and costs in an amount to be proven at the time of trial. Pursuant to the provisions of California Government Code section 12965(b), Plaintiff is entitled to the reasonable value of such attorneys' fees and costs.

70. The above-described acts of the defendants, and each of them, were willful, intentional and malicious and done with the intent to vex, injure and annoy Plaintiff and warrant the imposition of exemplary and punitive damages in an amount sufficient to punish said defendants and to deter others from engaging in similar conduct. The above-described acts of the defendants, and each of them, were authorized, ratified, or committed by an officer, director and/or managing agent.

## SIXTH CAUSE OF ACTION

## RETALIATION IN VIOLATION OF GOV. CODE SEC. 12945, *et seq.*

(Against All Defendants)

71. Plaintiff re-alleges and incorporates herein by reference each and every allegation in the preceding paragraphs.

72. The laws of the State of California prohibit an employer from retaliating against an employee because the employee has exercised his right to take medical leave under the California Family Rights Act ("CFRA").

73. As alleged herein, at all material times defendants were covered employers as that term is defined under the CFRA. As alleged herein, and at all

material times, Plaintiff was a covered employee as that term is defined under the CFRA and was eligible for CFRA leave.

74. In or around July of 2017 the defendants became aware of Plaintiff's need to take medical leave under the CFRA.

75. Because Plaintiff engaged in the legally protected activity of taking a medical leave of absence under the CFRA, Plaintiff suffered adverse employment actions, including without limitation, termination.

76. As a direct and proximate result of the acts of the defendants, and each of them, as alleged above, Plaintiff has incurred compensatory damages, including lost earnings and other economic damages.

77. As a direct and proximate result of the acts of the defendants, and each of them, as alleged above, Plaintiff has suffered emotional distress and has been generally damaged in an amount to be ascertained at the time of trial.

78. As a direct and proximate result of the acts of the defendants, as alleged above, Plaintiff has necessarily incurred and will continue to incur attorneys' fees and costs in an amount to be proven at the time of trial. Pursuant to the provisions of California Government Code section 12965(b), Plaintiff is entitled to the reasonable value of such attorneys' fees and costs.

79. The above-described acts of the defendants, and each of them, were willful, intentional and malicious and done with the intent to vex, injure and annoy Plaintiff and warrant the imposition of exemplary and punitive damages in an amount sufficient to punish said defendants and to deter others from engaging in similar conduct. The above-described acts of the defendants, and each of them, were authorized, ratified, or committed by an officer, director and/or managing agent.

/ / /

/ / /

/ / /

/ / /

# SEVENTH CAUSE OF ACTION

## VIOLATION OF GOV. CODE SEC. 12940(k)

(Against All Defendants)

80. Plaintiff re-alleges and incorporates herein by reference each and every allegation in the preceding paragraphs.

81. In violation of Government Code section 12940(k), the defendants failed to take all reasonable steps to prevent the discrimination and retaliation suffered by Plaintiff, and failed to take immediate and appropriate corrective action to address, reduce and cure such conduct as alleged herein.

82. Any policy of the defendants that purported to prevent discrimination and retaliation was ineffectively implemented and enforced, causing Plaintiff to suffer the adverse conduct as alleged herein.

83. During the material time alleged herein, the defendants failed to provide adequate training and education to its personnel and most particularly to its officers, managing agents, directors, supervisors, and human resources personnel to address, reduce or eliminate unlawful employment conduct.

84. As a direct and proximate result of the acts of the defendants, and each of them, as alleged above, Plaintiff has incurred compensatory damages, including lost earnings and other economic damages.

85. As a direct and proximate result of the acts of the defendants, and each of them, as alleged above, Plaintiff has suffered emotional distress and has been generally damaged in an amount to be ascertained at the time of trial.

86. As a direct and proximate result of the acts of the defendants, as alleged above, Plaintiff has necessarily incurred and will continue to incur attorneys' fees and costs in an amount to be proven at the time of trial. Pursuant to the provisions of California Government Code section 12965(b), Plaintiff is entitled to the reasonable value of such attorneys' fees and costs.

87. The above-described acts of the defendants, and each of them, were willful, intentional and malicious and done with the intent to vex, injure and annoy Plaintiff and warrant the imposition of exemplary and punitive damages in an amount sufficient to punish said defendants and to deter others from engaging in similar conduct. The above-described acts of the defendants, and each of them, were authorized, ratified, or committed by an officer, director and/or managing agent.

## EIGHTH CAUSE OF ACTION

## RETALIATION IN VIOLATION OF THE FMLA

(Against All Defendants)

88. Plaintiff re-alleges and incorporates herein by reference each and every allegation in the preceding paragraphs.

89. The Family & Medical Leave Act, 29 U.S.C. section 2601, *et seq.*, and its regulations promulgated by the federal Department of Labor, including but not limited to 29 C.F.R. section 825.220(c), prohibit an employer from retaliating against any employee because the employee has exercised his rights under the FMLA.

90. As alleged herein, at all material times defendants were covered employers as that term is defined under the FMLA. As alleged herein, and at all material times, Plaintiff was a covered employee as that term is defined under the FMLA and was eligible for and took FMLA leave.

91. In or around July of 2017 the defendants became aware of Plaintiff's need to take medical leave under the FMLA.

92. Because Plaintiff engaged in the legally protected activity of taking a medical leave of absence under the FMLA, Plaintiff suffered adverse employment actions, including without limitation, termination.

93. As a direct and proximate result of the acts of the defendants, and each of them, as alleged above, Plaintiff has incurred compensatory damages, including lost earnings and other economic damages.

- 14 -
COMPLAINT FOR DAMAGES

94. As a direct and proximate result of the acts of the defendants, and each of them, as alleged above, Plaintiff has suffered emotional distress and has been generally damaged in an amount to be ascertained at the time of trial.

95. Under the FMLA, Plaintiff is entitled to liquidated damages.

96. As a direct and proximate result of the acts of the defendants, as alleged above, Plaintiff has necessarily incurred and will continue to incur attorneys' fees and costs in an amount to be proven at the time of trial. Pursuant to the provisions of 29 U.S.C. section 2617, Plaintiff is entitled to the reasonable value of such attorneys' fees and costs.

**WHEREFORE, Plaintiff demands judgment against all defendants as follows:**

1. For nominal, actual and compensatory damages;
2. For special and/or non-economic damages in an amount according to proof;
3. For punitive damages against defendants;
4. For liquidated damages under the eighth cause of action;
5. For declaratory and injunctive relief for the first, second, and third causes of action;
6. For interest accrued to date;
7. For reasonable attorneys' fees and costs of suit and expenses; and
8. For such other relief as the Court may deem just and proper.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**DEMAND FOR JURY TRIAL**

Plaintiff requests a jury trial in this matter.

DATED:  August 22, 2018

Respectfully submitted,
**CEARTAS LEGAL LLP**

By: *s/ Timothy M. Keegan*
TIMOTHY M. KEEGAN

Attorneys for Plaintiff
DANIEL HECKO
E-mail:  tim.keegan@ceartaslegal.com