UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL HECKO,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>RUTH'S CHRIS HOSPITALITY GROUP INC.,<br><br>　　　　　　　　　　Defendant. | Case No.: 18-cv-1951-GPC-MDD<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE REGARDING DEFENDANT'S INITIAL DISCLOSURES**<br><br>**[ECF NO. 39]** |

This Joint Motion presents Plaintiff's motion for sanctions against Defendant for alleged violations of Rule 26, Fed. R. Civ. P., filed on June 18, 2019. (ECF No. 39). Specifically, Plaintiff wants Defendant to be sanctioned for failing to include in its initial disclosures under Rule 26(a)(1)(A)(ii) the "Elite Binder" used by Defendant's managers as a resource for handling certain duties; scheduling and staffing documents for the Del Mar restaurant from July 25, 2017, to November 1, 2017; and documents reflecting written performance warnings regarding Plaintiff allegedly written by Plaintiff's manager, Ms. West. Plaintiff also seeks to re-depose certain witnesses at Defendant's expense.

1

## LEGAL STANDARD

Rule 26(a)(1)(A)(ii) requires each party to provide to the other parties, without a discovery request, "a copy – or a description by category and location - of all documents that the disclosing party has in its possession, custody or subject to its control and may use to support its claims or defenses." Rule 26(e) requires a party who has made a disclosure under Rule 26(a) to supplement its disclosure

> in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process….

Rule 26(e)(1)(A).

Fed. R. Civ. P. Rule 26(g) requires that every disclosure under Rule 26(a)(1) be signed by an attorney of record. By signing, the attorney is certifying that to the best of the attorney's knowledge, information and belief formed after a reasonable inquiry, that the disclosure is complete at the time it was made. Rule 26(g)(1)(A). Sanctions may be imposed upon the signer who violates this rule without substantial justification. Rule 26(g)(3).

Finally, Rule 37(c), Fed. R. Civ. P., provides for sanctions for failing to disclose or supplement under Rule 26(a) or (e) unless the failure is substantially justified or harmless. Rule 37(c)(1).

## DISCUSSION

In its initial disclosures under Rule 26(a)(1)(A)(ii), Defendant identified categories of documents that it may use to support its claims and defenses. The categories included "Plaintiff's personnel file and other personnel-related documents regarding Plaintiff and his performance" and "documents relating

to Plaintiff's job duties." (ECF No. 39-2 at 8).[1]

A. Written and Verbal Performance Warnings

Christina West, Plaintiff's last immediate supervisor, testified in deposition that she issued a verbal and written warning to Plaintiff regarding his performance and that the verbal warning was memorialized in a writing. Defendant asserts that despite several in-depth searches, those writings cannot be located. Plaintiff provides no evidence to suggest that Defendant had and destroyed these documents in anticipation of or during this litigation.

Plaintiff's position here is hard to fathom. These documents, if they existed, likely would benefit Defendant and harm Plaintiff. As it stands, the fact that Defendant cannot produce documentary support for a manager who has claimed that she did write up Plaintiff for deficient performance is even better for Plaintiff. Defendant cannot produce documents that are not within its possession, custody or control, despite reasonable efforts to locate them. No sanction will issue on this basis.

B. Staffing/Scheduling Records for Del Mar Restaurant

Plaintiff again has the Court scratching his head. On May 8, 2019, in a Joint Motion, Plaintiff sought to compel Defendant to respond to interrogatories and requests for production calling for Defendant to disclose the number of employees, including managers, employed by Defendant in southern California as of the time of Plaintiff's termination. (ECF No. 22). On May 17, 2019, the Court held a hearing and granted, in part, Plaintiff's motion and ordered Defendant to disclose management staffing levels for its

---

[1] The Court will refer to pagination supplied by CM/ECF rather than original pagination throughout.

3

restaurants in San Diego County and for its Irvine restaurant for the period encompassing July 2017 through October 2017. (ECF No. 31 at 6-8). Defendant was required to produce the required responses no later than 30 days following the hearing. Plaintiff did not assert, in its moving papers nor at the hearing, that Defendant was under an obligation to produce this information pursuant to its initial disclosures. To the extent Plaintiff now challenges Defendant for not disclosing scheduling information, there is no evidence that Plaintiff requested it. Defendant asserts that Plaintiff raised it for the first time on May 29, 2019, and Defendant agreed to produce it. (ECF No. 39 at 11).

Defendant asserts that at the time of its initial disclosures, and even now, that these are not documents that it may use at trial. Consequently, there is no Rule 26 violation here.

C. Elite Binder

Similarly, it is not apparent that Defendant intends to use or may use any version of the Elite Binder to support its claims or defenses. The fact that Defendant's initial disclosures provide that Defendant may use documents related to Plaintiff's job duties did not require Defendant to produce all documents regarding Plaintiff's job duties without a discovery request. Defendant satisfied its obligation under Rule 26(a)(1)(A)(ii) by providing a categorical description. Only when and if Defendant decides that it may use the Elite Binder in support of a claim or defense must Defendant disclose it; except that it has already become known through the discovery process. *See* Rule 26(e)(1)(A).

Plaintiff questioned a witness using a version of the Elite Binder that may have been current when Plaintiff was employed by Defendant. Plaintiff's assertion that Defendant should have produced, as part of its

4

initial disclosures, a current version of that manual is specious. And, a current version, according to Defendant, has been provided to Plaintiff.

## SANCTIONS

Plaintiff's counsel is correct that at the discovery hearing on May 17, 2019, the Court put the parties on notice that if another unjustified discovery dispute was brought to the Court, sanctions likely would issue. (ECF No. 31 at 3). Plaintiff brought this motion alleging that Defendant failed to make required disclosures, to compel the re-deposition of certain witnesses and for sanctions. Had Plaintiff been successful, Defendant would have faced sanctions under Rule 37(a)(5) or under Rule 37(c)(1). Rule 37(c)(1) comes into play when a party attempts to use a witness or evidence that it was required to disclose but did not. This is not that scenario. What we have here is a motion to compel and for sanctions under Rule 37(a)(3)(A).

When a motion to compel under this rule is denied, the Court is required to consider sanctions against the party who brought the motion to compel. Rule 37(a)(5)(B), Fed. R. Civ. P., provides that the Court,

> must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party … who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the Court must not order this payment if the motion is substantially justified or other circumstances make an award of expenses unjust.

The Court cannot say, as a matter of law, that this motion was substantially justified or that an award of expenses would be unjust. Accordingly, sanctions must be considered.

## CONCLUSION AND ORDER

As presented in this Joint Motion, Plaintiff's motion to compel and for sanctions is **DENIED**. The Court **ORDERS:**

5

18-cv-1951-GPC-MDD

1. Defendant may move the Court for recovery of its reasonable costs and attorney's fees incurred in defending this motion. Such motion is to be filed no later than July 5, 2019.
2. Plaintiff may respond to any such motion brought by Defendant no later than July 12, 2019. After receipt of the briefing papers, the Court will determine whether to have a hearing or rule on the papers.

**SO ORDERED.**

Dated: June 21, 2019

Hon. Mitchell D. Dembin
United States Magistrate Judge